IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOYCE NOVAK, ET AL., :
:
    Plaintiffs, :
: CIVIL ACTION NO. 3:CV-05-0213
vs. :
: (JUDGE CAPUTO)
LACKAWANNA COUNTY :
PRISON, ET AL., :
:
    Defendants, :
:

**<u>MEMORANDUM</u>**

Before me is Rule 12(b)(5) Motion to Quash Service and Rule 12(b)(6) Motion to Dismiss of Defendant, Mary Cook, R.N. (Doc. 21.)

**A.     Rule 12(b)(5)**

Rule 12(b)(5) of the Federal Rules of Civil Procedure permits a motion to dismiss for "insufficiency of service of process." Fed.R.Civ.P. 12(b)(5). Rule 4(c) provides that the plaintiff is responsible for service of a summons and complaint within the time allowed under Rule 4(m). Rule 4(m) provides:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative, after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period. This subdivision does not apply to service in a foreign country pursuant to subdivision (f) or (j)(1).

Here the Complaint was filed February 1, 2005. As of this Memorandum, service was not effected upon Defendant Cook. Plaintiffs were led to believe that the County would accept service for Defendant Cook, however, Defendant Cook was not an employee of the County, and she was never served in accordance with the Federal Rules of Civil Procedure. (*See* Affidavit of Defendant Cook, Doc. 22, Ex. 4.) Moreover, there is no evidence that she authorized anyone to accept service or execute a waiver.

Plaintiffs submitted a proposed order with their Brief in Opposition to Rule 12(b)(5) Motion to Quash Service and Rule 12(b)(6) Motion to Dismiss Defendant, Mary Cook, R.N. (Doc. 25), which orders the dismissal of the Motion of Defendant Cook and also states "Plaintiffs are granted an extension of _____ days, wherein they are to perfect service of the Initial Complaint upon Mary Cook, R.N., and any other non-represented Defendants." (Doc. 25-2) This portion of the proposed order was unaccompanied by an applicable motion. It was filed June 24, 2005, 134 days from the filing of the Complaint. The Plaintiffs did nothing in the meantime to serve Defendant Cook.

Based upon the foregoing history, and underscoring the Plaintiffs' responsibility for service, it is appropriate to grant the motion and dismiss the Complaint as to Defendant Cook.

**B.     Rule 12(b)(6)**

Since I have determined the case against Defendant Cook should be dismissed for failure of service, I will not consider the Rule 12(b)(6) portion of the

2

motion.

    An appropriate order follows.


Date: November 17, 2005            <u>s/A. Richard Caputo</u>
                                              A. Richard Caputo
                                              United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOYCE NOVAK, ET AL., | : | |
| Plaintiffs, | : | |
| | : | CIVIL ACTION NO. 3:CV-05-0213 |
| vs. | : | |
| | : | (JUDGE CAPUTO) |
| LACKAWANNA COUNTY PRISON, ET AL., | : | |
| Defendants, | : | |

**ORDER**

_____**NOW**, this ____ day of November, 2005, IT IS HEREBY ORDERED that the Complaint is **DISMISSED** as to Defendant, Mary Cook, R.N.

_____
A. Richard Caputo
United States District Judge